# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR OWENS,<br><br>    Plaintiff,<br><br>v.<br><br>FEDEX OFFICE AND PRINT SERVICES, INC., dba FEDEX OFFICE #5181, et al.,<br><br>    Defendants. | Case No. 1:16-cv-01141-AWI-BAM<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION<br><br>FOURTEEN-DAY DEADLINE |

### I.  Background

Plaintiff Arthur Owens ("Plaintiff"), through counsel, initiated this action under the Americans with Disabilities Act on August 4, 2016, against Defendants FedEx Office and Print Services, Inc., dba FedEx Office #5181; Irwin Hoffman, as Trustee of the Irwin Hoffman Irrevocable Trust Agreement dated 3/19/91, and as Trustee of the Hoffman Trust dated 11/20/98; and Terry Poders Hoffman, as Trustee of the Hoffman Trust dated 11/20/98. (Doc. 1).

Following service of the complaint, Plaintiff reached a settlement with Defendant FedEx Office and Print Services, Inc., dba FedEx Office #5181, and filed a notice of voluntary dismissal only as to this defendant on October 6, 2016. (Docs. 11, 15.) Based on the notice of dismissal, the action was terminated as to Defendant FedEx Office and Print Services, Inc., dba FedEx Office #5181, by operation of law pursuant to Federal Rule of Civil Procedure 41(a)(1). (Doc. 22.)

1

On October 17, 2016, Defendants Irwin Hoffman, as Trustee of the Irwin Hoffman Irrevocable Trust Agreement dated 3/19/91, and as Trustee of the Hoffman Trust dated 11/20/98, and Terry Poders Hoffman, as Trustee of the Hoffman Trust dated 11/20/98 filed an answer to the complaint. (Doc. 16.)

Shortly thereafter, on October 20, 2016, Plaintiff's counsel, Tanya E. Moore, filed a statement pursuant to Federal Rule of Civil Procedure 25(a) noting the death of Plaintiff Arthur Owens during the pendency of this action. (Doc. 18.)

On November 4, 2016, the Court stayed this action pending substitution into this case of a representative on behalf of Plaintiff's estate. The Court directed Plaintiff's representative to either file a motion for substitution of parties in this action on or before January 17, 2017, or a stipulation for dismissal of the action. (Doc. 20.)

On January 20, 2017, Plaintiff's counsel filed a declaration indicating that she had been in contact with Plaintiff's brother, Charles Owens, whom she believed to be Plaintiff's next of kin. Mr. Charles Owens advised her that there would be no probate proceeding with regard to Plaintiff's estate and thus no executor or administrator of Plaintiff's estate would be named. Plaintiff's counsel then advised Mr. Owen that he should seek the advice of an attorney with regard to the survival of any of Plaintiff's claims, and the ability of the estate to obtain any recovery in this action. (Doc. 21.) Plaintiff's counsel mailed a copy of the declaration to Mr. Owens by first class mail on January 20, 2017. (Doc. 21-1.)

On March 7, 2017, the Court held a telephonic status conference. During the conference, it was confirmed that no motion for substitution had been filed within the deadline prescribed by Federal Rule of Civil Procedure 25(a)(1), and that the Court intended to issue findings and recommendations regarding dismissal of this action. (Doc. 24.)

On April 10, 2017, the Court issued an order directing Plaintiff's counsel to supplement the statement noting a party's death with evidence of proper service on Plaintiff's family member(s) in compliance with Federal Rules of Civil Procedure 4 and 25(a)(1). (Doc. 25.)

1 | On April 11, 2017, Plaintiff's counsel filed a certificate of service indicating that the statement noting a party's death had been served on Charles Owens by mail on the same date. (Doc. 26.)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 25(a), if a party dies and a motion for substitution "is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "Two things are required for the running of the ninety-day period to commence: a party must (1) formally suggest the death of the party on the record, and (2) serve the suggestion of death on the other parties and nonparty successors or representatives." *Rodriguez v. Hefflefinger*, No. 1:13-cv-00231-DAD-GSA, 2017 WL 900731, at *1 (E.D. Cal. Mar. 6, 2017) (citing *Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994)). A party may be served with the suggestion of death by service on his or her attorney, and a non-party successor or representative of the deceased party must be served the suggestion of death in the manner provided for in Rule 4 for the service of a summons. Fed. R. Civ. P. 25(a)(3); *Barlow*, 39 F.3d at 232–34.

Here, Plaintiff's counsel formally suggested Plaintiff's death on the record by filing a statement on October 20, 2016. (Doc. 18.) Service of the suggestion of death was electronically served on defendants' counsel on the same date. However, as of January 20, 2017, counsel was informed that no executor or administrator of Plaintiff's estate was to be named. Thus, no representative of Plaintiff's estate could be served with the suggestion of death.[1] (Doc. 21.) Based on this information, the ninety-day period for filing a motion for substitution commenced no later than January 20, 2017, and any motion for substitution must have been filed no later than April 20, 2017. No motion for substitution of Plaintiff's representative was filed within the time prescribed, and Plaintiff's next-of-kin also has not filed a motion for substitution. Accordingly, this action brought by the decedent, Plaintiff Arthur Owens, must be dismissed. Fed. R. Civ. P. 25(a)(1).

---

[1] Nevertheless, counsel was directed to serve a copy of the suggestion of death on Plaintiff's next-of-kin. (Doc. 25.) On April 11, 2017, Plaintiff's counsel filed a certificate of service indicating that Plaintiff's next-of-kin, Charles Owens, was served with the suggestion of death by mail on April 11, 2017. (Doc. 26.)

### III. Conclusion and Recommendation

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to Federal Rule of Civil Procedure 25(a)(1).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**September 29, 2017**__     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE